IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| PATRICIA SEGOVIA, INDIVIDUALLY and as PERSONAL REPRESENTATIVE OF THE ESTATE OF THOMAS SEGOVIA, SR., DECEASED,<br><br>Plaintiff,<br><br>vs.<br><br>BRISTOL-MYERS SQUIBB COMPANY and PFIZER, INC.,<br><br>Defendants. | CV. NO. 15-00519 DKW-RLP<br><br>**ORDER GRANTING DEFENDANTS BRISTOL-MYERS SQUIBB COMPANY AND PFIZER INC.'S MOTION TO STAY** |

**ORDER GRANTING DEFENDANTS BRISTOL-MYERS SQUIBB COMPANY AND PFIZER INC.'S MOTION TO STAY**

**INTRODUCTION**

Defendants Bristol-Myers Squibb Company ("BMS") and Pfizer Inc. seek to stay this case, pending a decision by the Judicial Panel on Multidistrict Litigation ("JPML") on Defendants' Motion For Transfer Of Related Eliquis (Apixaban) Products Liability Actions For Coordinated Pretrial Proceedings Pursuant to 28 U.S.C. § 1407 ("MDL Motion"). Dkt. No. 51-3. Because the balance of pertinent factors weighs in favor of Defendants' request – notably, the conservation of judicial

resources, the potential for conflicting decisions, and the absence of prejudice to Plaintiff – the Motion to Stay is GRANTED.[1]

## BACKGROUND

Plaintiff Patricia Segovia ("Plaintiff"), individually and on behalf of the estate of her deceased husband, Thomas Segovia ("Segovia"), alleges that Segovia died as a result of taking Eliquis, an anti-coagulant developed by BMS and Pfizer. The Court previously granted Plaintiff leave to file a Second Amended Complaint, *see* Dkt. No. 40, which Plaintiff filed on May 12, 2016. Dkt. No. 41. On June 6, 2016, Defendants filed a Motion to Dismiss Fraud Claims In Plaintiff's Second Amended Complaint, *see* Dkt. No. 44, and the Court heard oral argument on that motion on October 14, 2016. Dkt. No. 50.

On October 13, 2016, Defendants filed a Notice of Filing of their MDL Motion before the JPML, pursuant to Panel Rule 6.2. Dkt. No. 49. The MDL Motion requests that thirty-four related actions, including this case, be consolidated in the United States District Court for the Southern District of New York for coordinated pretrial proceedings, pursuant to 28 U.S.C. § 1407. The present Motion to Stay followed on October 19, 2016. Dkt. No. 51. Defendants request a

---

[1] In its November 14, 2016 Entering Order, the Court advised the parties that Defendants' Motion to Stay was granted, staying all proceedings from that date. *See* Dkt. No. 57. This Order sets forth the Court's reasoning behind that decision.

stay of all proceedings until thirty days after a ruling by the JPML on their MDL Motion. Plaintiff opposes any stay and plans to oppose creation of an MDL in the Eliquis cases.

## DISCUSSION

**I.     Legal Framework**

"[T]he power to stay proceedings is incidental to the power inherent in every court to control disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "The exertion of this power calls for the exercise of sound discretion." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962); *see Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."); *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) ("A district court has discretionary power to stay proceedings in its own court[.]"). When a stay is requested because of pending proceedings that bear on the case, the Court may grant a stay in the interests of the efficiency of its own docket and fairness to the parties. *See Leyva v. Certified Grocers of Cal. Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979).

In the context of a motion to stay pending a motion to consolidate cases before the JPML, district courts consider the following factors: (1) the judicial resources

that would be saved by avoiding duplicative litigation if the cases are in fact consolidated; (2) hardship and inequity to the moving party if the action is not stayed; and (3) potential prejudice to the non-moving party. *See Summa v. McKesson Corp.*, 2013 WL 3948844, at *2 (N.D. Cal. July 30, 2013) (citing *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997)); *see also In re Hawaii State Asbestos Cases*, 2011 WL 4478502, at *8 (D. Haw. Sept. 26, 2011) (citing *Ortiz v. Menu Foods, Inc.*, 525 F. Supp. 2d 1220, 1232 (D. Haw. 2007)).

## II. Analysis Of Factors

Having considered the relevant factors and in an exercise of its discretion, the Court concludes that a temporary stay of this action is appropriate pending a decision by the JPML on Defendants' MDL Motion.

### A. Judicial Economy

Preservation of judicial resources is a primary factor to consider in evaluating a motion to stay proceedings pending a transfer to an MDL court. *See Rivers*, 980 F. Supp. at 1360-61. A stay is appropriate when it would avoid the needless duplication of work and the possibility of inconsistent rulings. *Freitas v. McKesson Corp.*, 2012 WL 161211, at *2 (N.D. Cal. Jan. 10, 2012) (citing *Rivers*, 980 F. Supp. at 1360-61). In *Rivers*, the district court explained that judicial efficiency can be served by granting a motion to stay where the court would otherwise have to engage

4

in the "intricacies" of a case, which ultimately an MDL judge may have to duplicate. 980 F. Supp. at 1360-61. Here, the Court finds that staying proceedings pending the decision on the transfer of related cases will serve the interests of judicial efficiency and economy, uniformity, and consistency in decision making.

If the JPML grants Defendants' MDL motion and centralizes the pending actions in one district, judicial resources here and in other districts will be conserved.[2] Entry of a stay conserves judicial resources with respect to Defendants' pending Motion to Dismiss Fraud Claims In Plaintiff's Second Amended Complaint, which an MDL court can address in conjunction with similar motions.[3] *See, e.g., Foley v. Bristol-Myers Squibb Co.*, 2016 WL 4718953, at *3 (D. Nev. Sept. 9, 2016) ("Indeed, federal district courts often grant stays to allow an MDL court to decide pending motions to dismiss."); *Milan v. Rama*, 2013 WL 5496462, at *2 (N.D. Cal. Oct. 3, 2013) (granting stay of proceedings, including fully-briefed motion to dismiss, pending decision by JPML); *see also Weaver v. Pfizer, Inc.*, 2014 WL 2002212, at *3 (E.D. Cal. May 15, 2014) ("Some courts have observed that '[w]here a motion to remand and a motion to stay are pending, courts

---

[2] The Court observes that, as of November 14, 2016 – the effective date of the stay in this matter – courts outside of this district entered orders in thirty-one Eliquis cases staying those actions pending the JPML's decision. *See* Declaration of John-Anderson Meyer ("Meyer Decl.") ¶ 6; Ex. D. (Orders Granting Stays) (Dkt. Nos. 56-1 and 56-4).

[3] According to Defendants, twenty-eight of the thirty-four cases listed in the MDL Motion include allegations of fraud. Meyer Decl. ¶ 8 (citing Dkt. No. 49-2).

have held that deference to the MDL court for resolution of a motion to remand often provides the opportunity for the uniformity, consistency, and predictability in litigation that underlies the MDL system.'") (quoting *Alanis v. Pfizer*, 2014 WL 1711702, at *2 (E.D. Cal. May 1, 2014)).

Given the identity of the issues in the pending Eliquis cases nationwide, granting the stay pending the JPML's transfer decision would obviate the need for this Court to address pretrial issues that might well ultimately be heard by another judge. *Jennings v. Fresenius USA, Inc.*, 2013 WL 5487224, at *2 (N.D. Cal. Oct.2, 2013) ("If other cases pending before the JPML raise similar issues, it weighs strongly in favor of staying the proceedings.") (internal citation and quotation marks omitted); *Couture v. Hoffman-La Roche, Inc.*, 2012 WL 3042994, at *2 (N.D. Cal. July 25, 2012). In fact, granting Defendants' stay request would not only promote judicial economy but would reduce the risk of inconsistent rulings that the MDL court might then need to disentangle.

### B. <u>Hardship to Defendants In Absence Of Stay</u>

The Court also considers the hardship and inequity to Defendants if the Court denies their stay request. Defendants contend that they will suffer prejudice absent a stay because they face duplicative proceedings and duplicative costs if this case

moves forward, when "there is a strong likelihood that this case will be transferred to the MDL[.]." Mem. in Supp. at 10.

Defendants assert that they face thirty-four similar actions across the country and, without transfer to the JPML, they must litigate similar issues based on the same evidence in multiple courts, risking inconsistent rulings on the same pretrial matters. The potential burden on Defendants of having to defend in multiple fora favors entry of a stay pending the decision of the JPML. *See Falk v. General Motors Corp.*, 2007 WL 3101649, at *3 (N.D. Cal. Oct. 22, 2007). Moreover, Defendants could be forced to relitigate any decisions this Court reaches if the case is transferred to an MDL court. *Gibson v. Bristol-Myers Squibb Co.*, 2013 WL 2081964, at *1 (N.D. Cal. May 14, 2013). This too favors a stay.

A stay pending the JPML's decision will likely be brief, given that oral argument on the MDL Motion is scheduled for January 2017. Therefore, it is unlikely that Defendants will face significant discovery, case management, motion practice, or other pretrial proceedings in this Court during that time. Nonetheless, although it is not a substantial consideration, the Court finds the denial of a stay would impose some hardship and inequity upon Defendants.

### C. Prejudice to Plaintiff, the Non-Moving Party

The Court must also consider the prejudice to Plaintiff if the Court grants a stay. Plaintiff contends that a stay would postpone discovery, to her detriment. This case, however, is in its early stages, with the pleadings still unsettled, and the temporary stay will be brief. *See F.I.M. v. U.S. Dep't of the Interior*, 2015 WL 2165274, at *2 (D. Nev. May 7, 2015) ("Any potential prejudice to Plaintiffs from the stay and commensurate delay in discovery would be minimal in light of the stay's short duration."). Discovery, including document production, depositions, and expert disclosures have not yet taken place. In the absence of a stay, the parties could engage in duplicative discovery efforts. On the other hand, if the MDL Motion is granted, coordinated discovery would permit the parties to respond to comprehensive discovery requests, without redundant effort. *See Stark v. Pfizer*, 2014 WL 2938445, at *2 (N.D. Cal. June 27, 2014) ("The potential prejudice to Plaintiff that could result from a stay is minimal, as the JPML's decision is likely to be issued shortly. On the other hand, Defendants would face the risk of unnecessary proceedings and inconsistent rulings on recurring questions of law and fact if the case is not stayed.").

Plaintiff cites nothing suggesting this inconvenience constitutes the kind of prejudice that would outweigh the benefits of staying this case until the JPML has

acted.  *Cf. In re Hawaii State Asbestos Cases*, 2011 WL 4478502, at *9 (D. Haw. Sept. 26, 2011) (Granting motion to stay over plaintiffs' objection, acknowledging that one plaintiff "is 'dying of mesothelioma' and 'is not expected to survive much longer.'  Thus, it is clearly in Plaintiffs' interests to have the case as a whole resolved as expeditiously as possible. . . . Without diminishing the significance of Plaintiffs' concerns for the seriousness of Mr. Nelson's health, the Court finds that Plaintiffs have not established that they will be unduly prejudiced by a brief stay of this case pending the MDL Panel's final transfer decision.").

The Court acknowledges Plaintiff's objection to the imposition of a stay of short duration.  However, the Court finds that any prejudice to Plaintiff in the circumstances presented here would be minimal.

### D. <u>Summary</u>

Having considered the relevant factors, the Court, in its discretion, concludes that a brief stay of this action is appropriate to allow the JPML to render a decision on whether to transfer the instant case to the MDL court.  Although discovery and resolution of Defendants' pending Motion to Dismiss may be temporarily delayed as a result of the stay, the interests of efficiency and uniformity outweigh the potential prejudice of a brief delay in these circumstances.  The risk of inconsistent rulings and duplicative litigation warrants granting Defendants' Motion to Stay.

The Court emphasizes that, in light of the scheduled hearing on the MDL Motion before the JPML on January 26, 2017, the stay is anticipated to be brief. However, if the JPML does not issue a decision within a reasonable amount of time after its scheduled hearing, or if the hearing is significantly delayed, the Court may revisit the issuance of the stay, including consideration of whether to rule on Defendants' Motion to Dismiss Fraud Claims In Plaintiff's Second Amended Complaint (Dkt. No. 44).

## CONCLUSION

Based on the foregoing, Defendants' Motion to Stay is GRANTED.  This matter is hereby STAYED until thirty (30) days after a decision is rendered on whether this case and others should be transferred to the Judicial Panel on Multidistrict Litigation.  The parties are directed to advise the Court within ten (10) days of the JPML's ruling on Defendants' MDL Motion.

IT IS SO ORDERED.

DATED: November 30, 2016 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

---

Segovia v. Bristol-Myers Squibb Co. and Pfizer, Inc.; Civil No. 15-00519 DKW-RLP; **ORDER GRANTING DEFENDANTS BRISTOL-MYERS SQUIBB COMPANY AND PFIZER INC.'S MOTION TO STAY**